1

2

3

4

5

6                                                             *E-FILED - 7/25/08*

7

8

9                           IN THE UNITED STATES DISTRICT COURT

10                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

HAMPTON LEON FINNEY,                   )          No. C 05-4576 RMW (PR)
12                                                     )
                                                       )          ORDER DENYING
13                    Petitioner,                      )          RESPONDENT'S MOTION TO
                                                       )          DISMISS; SCHEDULING
14     vs.                                             )          FURTHER BRIEFING
                                                       )
15                                                     )
A.P. KANE, Warden,                                     )          (Docket No. 17)
16                                                     )
                                                       )
17                    Respondent.                      )
                                                       )
18
        Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas
19
corpus pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the
20
petition should not be granted.  Respondent filed a motion to dismiss the petition for petitioner's
21
failure to exhaust state remedies.  Petitioner filed an opposition.  Respondent filed a reply.
22
Having reviewed the papers, the court DENIES respondent's motion to dismiss and issues a
23
further scheduling order as set forth below.
24
                                    **BACKGROUND**
25
        Petitioner was sentenced to twenty-five years-to-life in prison after his conviction in Los
26
Angeles Superior Court for first degree murder (Cal. Penal Code § 187) and assault with a
27
deadly weapon (Cal. Penal Code §§ 245(a)(2), 12022.5).  Petitioner challenges the Board's
28

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.05\Finney576mtddeny                     1

1    denial of parole.  Petitioner filed a state habeas petition in the state superior court which was

2    denied on April 15, 2005.  Petitioner filed a habeas petition with the state appellate court which

3    was denied on May 26, 2005.  Petitioner then filed a habeas petition in the state supreme court

4    which was denied on August 24, 2005.  Petitioner filed the instant petition on October 14, 2005

5    in the Central District of California.  The petition was transferred to this court on November 8,

6    2005.

7                                                    **DISCUSSION**

8         Prisoners in state custody who wish to challenge collaterally in federal habeas

9    proceedings either the fact or length of their confinement are first required to exhaust state

10   judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

11   highest state court available with a fair opportunity to rule on the merits of each and every claim

12   they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c).  A federal district court must

13   dismiss a federal habeas petition even if it contains only a single claim as to which state

14   remedies have not been exhausted under 28 U.S.C. § 2254(b)-(c).  Rose v. Lundy, 455 U.S. at

15   522.  Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally.

16   Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

17        The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give

18   the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners'

19   federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion

20   requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state

21   courts, see id.; or (2) no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829

22   (9th Cir. 1996).

23        A federal district court must dismiss a federal habeas petition containing any claim as to

24   which state remedies have not been exhausted.  Rose, 455 U.S. at 522.  If the petition contains

25   both exhausted and unexhausted claims, that is, it is a "mixed" petition, the district court must

26   instruct the petitioner to choose between two alternatives -- he can dismiss his unexhausted

27   claims and proceed in federal court only with his exhausted claims, or he can request the district

28   court to dismiss the entire petition without prejudice and exhaust his unexhausted claims in state

1   court before returning to federal court.

2   See Brambles v. Duncan,  412 F.3d 1066, 1069-71 (9th Cir. 2005).

3          Here, respondent contends that the petition should be dismissed because it fails to state a

4   claim upon which federal habeas relief may be granted.  Petitioner alleges the following four

5   claims in his petition: (1) his direct involvement in the commitment offense does not rise to the

6   level of "particularly egregious" nor "exceptionally callous" standard under the law to support a

7   denial in violation of due process ("Claim 1"); (2) there was no evidence that petitioner was

8   convicted of a prior offense that involved "serious injury" to support a denial of parole under the

9   law in violation of due process ("Claim 2"); (3) the Board violated his right to due process when

10  it failed to submit any evidence that contains an indicia of reliability showing petitioner

11  "currently" poses an unreasonable risk of danger if released on parole ("Claim 3"); and (4) the

12  State's use of the commitment offense as being especially heinous, atrocious or cruel manner, to

13  justify a denial of parole despite his plea agreement violated due process[1] ("Claim 4").  Liberally

14  construed, see Maleng v. Cook, 490 U.S. 488, 493 (1989), the court rejects respondent's

15  argument and concludes that petitioner's claims sufficiently state a cognizable claim for federal

16  habeas relief.

17         Respondent further contends that the petition should be dismissed because it includes

18  both exhausted and unexhausted claims.  Specifically, respondent maintains that petitioner did

19  not present Claim 1 to the California Supreme Court.  Respondent has submitted a copy of

20  petitioner's state habeas petition filed in the California Supreme Court.  See Resp. Exh. 1.

21  Liberally construed, see Maleng, 490 U.S. at 493, the court concludes that petitioner presented

22  this claim under "Argument IX" in his petition for review submitted to the California Supreme

23  Court.

24         Respondent also argues that petitioner failed to fairly present Claims 1, 2, and 3 to the

25  California Supreme Court by not alerting the state court that he was raising federal claims.

26

27

28        [1]  In its November 6, 2007, Order to Show Cause, the court listed petitioner's first three
    claims and inadvertently omitted petitioner's fourth claim from the order.

1  Petitioner concedes that he failed to exhaust Claim 2 and withdraws Claim 2.  As to Claims 1

2  and 3, petitioner responds that his petition for review indicated he was raising federal law claims

3  by stating specific facts and citing federal cases.

4         For purposes of exhaustion, pro se petitions in state court may, and sometimes should, be

5  read differently from counseled petitions.  See Peterson v. Lambert, 319 F.3d 1153, 1159 (9th

6  Cir. 2003) (en banc).  "When a document has been written by counsel, a court should be able to

7  attach ordinary legal significance to the words used in that document."  Id. at 1158.  When it has

8  been written by a pro se petitioner, a court may need to be more flexible.  See, e.g., Sanders v.

9  Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (petitioner's pro se status in state court was a factor in

10  favor of finding exhaustion).  A claim is "fairly presented" only if the petitioner either referenced

11  specific provisions of the federal constitution or federal statutes, or cited to federal or state case

12  law analyzing the federal issue.  Peterson, 319 F.3d at 1158; Wilcox v. McGee, 241 F.3d 1242,

13  1244 (9th Cir. 2001) (finding petitioner fairly presented his federal claims in state court, where

14  he relied almost entirely on state law in state court, but concluded his argument by stating that

15  both his state and federal double jeopardy rights were violated).  However, "the complete

16  exhaustion rule is not to trap the unwary pro se prisoner."  Peterson, 319 F.3d at 1159.

17         As to Claims 1 and 3, petitioner fairly alerted the state court that he was raising

18  allegations of federal due process violations in his petition for review to the California Supreme

19  Court by citing relevant federal cases and state cases relying on relevant federal case law.  See

20  Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily

21  indicate the federal law basis for his claim in a state-court petition or brief, for example, by

22  citing in conjunction with the claim the federal source of law on which he relies or a case

23  deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); Sanders v.

24  Ryder, 342 F.3d 991, 999 (9th Cir. 2003) (noting that a prisoner may alert a state court to the

25  federal nature of the asserted right by using the phrase "ineffective assistance of counsel" even

26  though he does not cite federal constitution or federal case law in his petition).  First, he asserts a

27  violation of the "Due Process and Equal Protection Clause."  See Sanders, 342 F.3d at 999.

28  Second, in his petition for review to the California Supreme Court, he cites to McQuillion v.

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.05\Finney576mtddeny          4

1   Duncan, 306 F.3d 902 (9th Cir. 2002), and Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003),

2   which address whether the denial of parole violates the federal right to due process.  See

3   Baldwin, 541 U.S. at 32.  Third, he cites to several state cases that analyze and discuss the "some

4   evidence" standard, a standard identical to that relied upon in federal habeas cases.  See Sanders,

5   342 F.3d at 1000 (implying that when state and federal standards are functionally identical, that

6   is one factor to consider in determining whether a claim is "fairly presented").  Consequently,

7   the court finds, particularly in light of petitioner's pro se status, see Maleng, 490 U.S. at 493, that

8   he fairly presented the claims herein to the California Supreme Court.

9          Similarly, with regard to Claim 4, the court concludes that it is exhausted because

10  petitioner fairly presented it to the California Supreme Court by identifying relevant and specific

11  facts in support of his claim, and properly alerting the state court to his federal claim by citing to

12  relevant federal case law.  See Baldwin, 541 U.S. at 32..

13         Accordingly, the court DENIES respondent's motion to dismiss the petition.

**CONCLUSION**

15  1.      Respondent's motion to dismiss the instant petition for failure to exhaust

16  state remedies (docket no. 17) is DENIED.

17  2.      Respondent shall file with the court and serve on petitioner, within **60**

18  **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

19  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

20  granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of

21  the underlying prison disciplinary record that have been transcribed previously and that are

22  relevant to a determination of the issues presented by the petition.

23  3.      If petitioner wishes to respond to the answer, he shall do so by filing a

24  traverse with the court and serving it on respondent within **thirty days** of the date the answer is

25  filed..

26  4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

27  all communications with the court must be served on respondent by mailing a true copy of the

28  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.05\Finney576mtddeny                    5

1  change of address by filing a separate paper captioned "Notice of Change of Address."  He must

2  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

3  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4         This order terminates Docket No. 17.

5         IT IS SO ORDERED.

6  DATED: __7/25/08__         _Ronald M. Whyte_____

7                             RONALD M. WHYTE
                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.05\Finney576mtddeny                6