***E-FILED - 1/15/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMPTON LEON FINNEY, | No. C 05-4576 RMW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| A.P. KANE, Warden, | |
| Respondent. | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the California Board of Prison Terms's ("Board") decision denying him parole. The court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition and petitioner has filed a traverse. After reviewing the briefs and underlying record, the court concludes that petitioner is not entitled to habeas relief based on the claims presented and denies the petition.

## BACKGROUND[1]

In December 1981, petitioner and two co-defendants planned a home invasion robbery.

---

[1] The relevant facts pertaining to the underlying crime are taken from the transcript of the August 28, 2004 parole consideration hearing, see Resp. Ex. 3, Transcript, p. 9-11, and the opinion of the Los Angeles Superior Court, see Resp. Ex. 3, Order Re: Writ of Habeas Corpus, p. 1-2.

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.Rmw\HC.05\Finney576hcruling.wpd        1

On the day of the invasion, petitioner and his partners, who were all armed, confronted some of the victims outside their home. Petitioner forced them into the house. The mother of the family was already inside and met everyone at the door. Petitioner hit her in the head with the gun and entered the home. Another victim, the son of the family, ran towards petitioner and petitioner reacted by shooting him in the head at close range, killing him. The father of the family attempted to aid his son and petitioner pointed the gun at the father. Petitioner ordered his partners to grab some rugs and they fled. Petitioner was arrested three years later. Officers responded to a burglary call and saw the victim lying on his back with a severe head injury near his left eye. Doctors removed a bullet from the victim's head and the victim subsequently died at the hospital.

Petitioner was convicted of first degree murder (Cal. Penal Code § 187) and assault with a deadly weapon (Cal. Penal Code §§ 245(a)(2), 12022.5) in Los Angeles Superior Court. On October 30, 1987, he was sentenced to thirty-one years-to-life in prison.

Petitioner testified at his August 2004 parole hearing. At the hearing, evidence was presented that, if released on parole, petitioner planned to reside with his wife in Paramount, California and had already secured offers of employment.[2] Petitioner also included 30 letters of support. Additionally, petitioner participated in several vocational and self-help programs, demonstrated excellent work productivity, was active in several volunteer organizations, including being involved in church-related activities, and received awards and recognition from several organizations.[3] However, the Board denied parole because petitioner's offense was carried out in an especially callous manner which showed a disregard for human life.

Petitioner filed a state habeas petition in the state superior court which was denied on April 15, 2005. Petitioner filed a habeas petition with the state appellate court which was denied on May 26, 2005. Petitioner then filed a habeas petition in the state supreme court which was denied on August 24, 2005. Petitioner filed the instant petition on October 14, 2005 in the

---

[2] Resp. Ex. 3, Transcript, p. 40-41.

[3] Resp. Ex. 3, Transcript, p. 29-31.

Central District of California.  The petition was transferred to this court on November 8, 2005.

## DISCUSSION

**A.     Standard of Review**

This court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000).  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409.  In examining whether the state court decision was objectively unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).  The standard for "objectively

1  unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss
2  of error fails to give proper deference to state courts by conflating error (even clear error) with
3  unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).
4       A federal habeas court may grant the writ if it concludes that the state court's
5  adjudication of the claim "results in a decision that was based on an unreasonable determination
6  of the facts in light of the evidence presented in the State court proceeding." 28. U.S.C. §
7  2254(d)(2). The court must presume correct any determination of a factual issue made by a state
8  court unless the petitioner rebuts the presumption of correctness by clear and convincing
9  evidence. 28. U.S.C. § 2254(e)(1).
10      Where, as here, the highest state court to consider the petitioner's claims issued a
11 summary opinion which does not explain the rationale of its decision, federal review under
12 § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S.
13 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this
14 case, the last state court opinion to address the merits of petitioner's claim is the opinion of the
15 Los Angeles Superior Court.

16 **B.   Issues Presented**

17      As grounds for habeas relief, petitioner asserts that in his August 2004 parole hearing the
18 Board's conclusion that petitioner would "pose an unreasonable risk of danger to society or a
19 threat to public safety if released from prison" was unsupported because it was based on: (1) an
20 unreliable finding that petitioner's direct involvement in the commitment offense rose to the
21 level of "particular egregious" [sic] or "especially callous"; (2) no credible evidence that
22 petitioner's criminal history involved any "serious injury on a victim"; and (3) no credible
23 evidence that petitioner is currently an unreasonable risk of danger.
24      Among other things, respondent contends that California prisoner have no liberty interest
25 in parole and that if they do, the only due process protections available are a right to be heard
26 and a right to be informed of the basis for the denial – that is, respondent contends there is no
27 due process right to have the result supported by sufficient evidence. Because these contentions
28

1  go to whether petitioner has any due process rights at all in connection with parole, and if he
2  does, what those rights are, they will addressed first.
3        1.      Respondent's contentions
4        The Fourteenth Amendment provides that no state may "deprive any person of life,
5  liberty, or property, without due process of law."  U.S. Const., amend. XIV, § 1.
6            a.      Liberty Interest
7        Respondent contends that California prisoners have no liberty interest in parole.
8  Respondent is incorrect that Sandin v. Conner, 515 U.S. 472 (1995), applies to parole decisions,
9  see Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003) (Sandin "does not affect the creation of
10 liberty interests in parole under Greenholtz and Allen"), and, applying the correct analysis, the
11 California parole statute does create a liberty interest protected by due process, see McQuillion
12 v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a
13 cognizable liberty interest in release on parole.").  Respondent's claim to the contrary is without
14 merit.
15           b.      Due-Process Protections
16       Respondent contends that even if California prisoners do have a liberty interest in parole,
17 the due process protections to which they are entitled by clearly-established Supreme Court
18 authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial.
19 That is, he contends there is no due process right to have the decision supported by "some
20 evidence."  This position, however, has been rejected by the Ninth Circuit, which has held that
21 the Supreme Court has clearly established that a parole board's decision deprives a prisoner of
22 due process if the board's decision is not supported by "some evidence in the record," or is
23 "otherwise arbitrary."  Irons v. Carey, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some
24 evidence" standard used for disciplinary hearings as outlined in Superintendent v. Hill, 472 U.S.
25 445-455 (1985)); McQuillion, 306 F.3d at 904 (same).  The evidence underlying the Board's
26 decision must also have "some indicia of reliability."  McQuillion, 306 F.3d at 904; Biggs, 334
27 F.3d at 915.  The some evidence standard identified in Hill is clearly established federal law in
28

1   the parole context for purposes of § 2254(d).  See Sass, 461 F.3d at 1128-1129.

2       2.        Petitioner's Claims

As stated above, petitioner raises three separate claims relating to the denial of his parole. However, in essence, all of petitioner's claims can be addressed as one general claim that the Board's denial of parole was not supported by "some evidence" that petitioner "would pose an unreasonable risk of danger to society" and thus, the decision violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455; Sass, 461 F.3d at 1128.  The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled.  See In re Lawrence, 44 Cal. 4th 1181 (2008).  The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. Id. at 1205-06.

California law allows the Board to consider many factors when determining parole eligibility, including whether "the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for [the] individual." Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003) (internal quotation omitted).  The Board may also "consider all relevant information including potential threats to public safety, whether the offense was carried out in a manner which demonstrates exceptionally callous disregard for human life, and whether the [petitioner] engaged in misconduct while in jail." Id. (citing

1  Determination of Suitability, Title 15 Cal. Code of Regs. § 2402(c)(6)).  The regulations direct
2  the Board to consider "all relevant, reliable information available."  Cal. Code of Regs., tit. 15, §
3  2402(b).  Further, the regulations enumerate various circumstances tending to indicate whether
4  or not an inmate is suitable for parole.  Cal. Code of Regs., tit. 15, § 2402(c)-(d).[4]

In petitioner's case, the Board conducted a hearing and concluded that petitioner posed "an unreasonable risk of danger to society or a threat to public safety if released from prison." (Resp. Ex. 3, Transcript, p. 68.)  The Board considered petitioner's commitment offense, minor criminal history, and institutional progress of being free from disciplinary infractions and participating in a variety of rehabilitative programs, and parole plans.  Considering all reliable evidence presented, the Board found petitioner unsuitable for parole.  (Resp. Ex. 3, Transcript, p. 69-70.)  The Board based its conclusion on the severity of the commitment offense.  (Resp. Ex. 3, Transcript, p. 71.)  The Board stated, "[I]t was really a horrendous crime.  The prisoner committed the offense in an especially violent and brutal manner.  Multiple victims were attacked, injured and killed.  The mother was struck on the head with the gun.  The father was threatened at gunpoint.  And the victim was shot in the face at close range with a handgun, ultimately dying as a result of the gunshot wound.  This crime was carried out in an especially callous manner and it shows a disregard for human life."  (Resp. Ex. 3, Transcript, p. 71.)

In California, the nature of the prisoner's commitment offense alone can constitute a sufficient basis for denying parole if the offense is more aggravated or violent than the minimum necessary to sustain a conviction for first degree murder.  <u>In re Rosenkrantz</u>, 29 Cal. 4th 616,

---

[4] The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct.  Cal. Code of Regs., tit. 15, § 2402(c).  The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law.  Cal. Code of Regs., tit. 15, § 2402(d).

1  667, 682-83 (2002). In its order denying petitioner's habeas petition, the Los Angeles Superior
2  Court independently reviewed the record, giving deference to the broad discretion of the Board
3  in denying parole. (Resp. Ex. 3 (In re Hampton Finney, Order Re: Writ of Habeas Corpus, Los
4  Angeles Superior Court, case no. BH003195 (April 15, 2005)) at 1.)

5        The superior court concluded that there was "some evidence" to support the Board's
6  finding that petitioner was unsuitable for parole. The court referred to the underlying record,
7  noting that there was "some evidence" to support the Board's conclusion that the "commitment
8  offense was especially heinous because multiple victims were attacked, injured, or killed."
9  (Resp. Ex. 3, p. 2.) The superior court also recognized that the Board properly considered
10 petitioner's prior criminal history, i.e., a juvenile record for domestic assault. (Resp. Ex. 3, p. 2.)
11 The superior court further discussed petitioner's concern regarding his belief that the Board
12 denied parole partially because of his involvement with Christianity.

13       The question before the Board was whether petitioner would be a danger to society if
14 paroled, a question which pertains to the present and the future. After reviewing the record,
15 petitioner's commitment offense, standing alone, is a sufficient basis for deeming a petitioner
16 unsuitable because "multiple victims were attacked, injured or killed in the same or separate
17 incidents" and "the offense was carried out in a manner which demonstrates an exceptionally
18 callous disregard for human suffering." See Cal. Code Regs., tit. 15 § 2402(c)(1)(A), (D).
19 Therefore, the Board's decision satisfies the minimal "some evidence" standard and did not
20 violate petitioner's right to due process. Cf. Irons v. Carey, 505 F.3d 846, 853-54 (9th Cir. 2007)
21 (noting that Ninth Circuit has upheld denial of parole based solely on commitment offense
22 and/or pre-commitment conduct where prisoners have not yet served minimum number of years
23 required by their sentence); Biggs, 334 F.3d at 912 (same).

## CONCLUSION

25       The court concludes that petitioner has failed to show any violation of his federal
26 constitutional rights in the underlying parole proceedings. Accordingly, the petition for a writ of
27 habeas corpus is denied. The clerk shall enter judgment and close the file.
28

Order Denying Petition for Writ of Habeas Corpus

1     IT IS SO ORDERED.

2 DATED: __1/13/09_____     *Ronald M. Whyte*
                                                      RONALD M. WHYTE
                                                      United States District Judge

Order Denying Petition for Writ of Habeas Corpus

9